**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CRAIG R. MAXWELL,             )
                                 )
              Plaintiff,     )
                                 )
              v.          )     02: 04cv1824
                                 )
LINDA M. SPRINGER, DIRECTOR,   )
UNITED STATES OFFICE OF PERSONNEL )
MANAGEMENT,[1]              )
                                 )
             Defendant.   )

**MEMORANDUM OPINION AND ORDER**

November 7, 2006

      Presently before the Court is the MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant Linda M. Springer, Director, United States Office of Personnel Management *(Document Nos. 24 and 25)* and the BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT filed by Plaintiff, Craig R. Maxwell (*Document No. 28*).

      The issues have been fully briefed and the matter is ripe for disposition. After careful consideration of Defendant's Motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the Court finds that there is not sufficient record evidence upon which a reasonable jury could return a verdict for Plaintiff, Craig R. Maxwell, on his claims of discrimination due to his age and gender.

---

[1]    Linda M. Springer was sworn in as Director, United States Office of Personnel Management, on June 28, 2005.  Pursuant to Rule 25 (d)(1) of the Federal Rules of Civil Procedure, Linda M. Springer should be substituted, therefore, for Acting Director Dan G. Blair as the defendant in this suit.

Therefore, the Court will grant the motion for summary judgment of Defendant, Linda M. Springer, Director, United States Office of Personnel Management.

**PROCEDURAL BACKGROUND**

Plaintiff Craig R. Maxwell ("Plaintiff") brought this lawsuit on November 30, 2004, by the filing of a Complaint against Defendant Linda M. Springer, Director, United States Office of Personnel Management  ("Defendant" or "OPM") in which he alleges that his employer, OPM, located in Boyers, PA, unlawfully discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA") and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") when it did not select him for the position of GS-09 Legal Administrative Specialist, with a career ladder promotion potential to a GS-11.

Defendant has filed the instant motion for summary judgment in which it contends that Plaintiff is unable to establish a *prima facie* case of discrimination under either the ADEA or Title VII.  In the alternative, Defendant contends that assuming *arguendo* that Plaintiff could state a *prima facie* case under either the ADEA or Title VII, summary judgment should still be granted in its favor because there is no evidence that Defendant's articulated legitimate, non-discriminatory reason for not selecting Plaintiff to the position of GS-09 Legal Administrative Specialist was false and/or that Plaintiff's age and/or gender was the real reason for not selecting Plaintiff.

**BACKGROUND**

The facts relevant to this discussion, and viewed in the light most favorable to Plaintiff, are as follows:

Plaintiff was initially hired by OPM in September 1982 as a file clerk.  In approximately 1987, he was promoted to the position of Benefits Specialist, which was later renamed Legal Administrative Specialist ("LAS").  In 1999, Plaintiff was a GS-09 LAS in the annuity processing section; however, he could not advance any further on the GS scale in the position that he then held.

Later that year, Plaintiff was transferred from the annuity processing section to the survivor processing section.   According to Plaintiff, although that position was a GS-11 position, he performed the duties of that position as a GS-09.  After his transfer, Plaintiff applied for a GS-09 LAS position that had a career ladder promotion potential to GS-11. Plaintiff was informed that he was not selected for the GS-09 LAS vacancy because he had less time in service than the successful applicant.

In early 2002, Plaintiff applied a second time for a GS-09 LAS position that had a career ladder promotion potential to GS-11 and, again, was not selected. (*Maxwell Depo. at 8.*) Plaintiff testified that he was informed after the interview that his resume and self presentation needed work.  *(Maxwell Depo. at 74-75.)*

In or about March 2002, Defendant posted a vacancy announcement for several position vacancies for the position of LAS in the Annuity Processing Section.  Positions were advertised at the GS-05 and GS-09 levels.  Like in the past, Plaintiff applied for the LAS position advertised at the GS-09 level, which had a career ladder promotion potential to GS-11.

3

Three individuals, Pamela Snyder, Donna Krepin, and Douglas Berger, served on the interview panel for the selection of the LAS positions.

Sixty-six (66) candidates were forwarded to the interview panel. Plaintiff was the last candidate to be interviewed by the interview panel.  The candidates were each asked identical questions by the panel members.  Each panel member then assigned a score to the candidate's responses.  The panel had established criteria to be used in evaluating the candidates and each criteria had point value. Following the interviews, the interview panel unanimously recommended eleven (11) candidates to the selecting official, eight from internal applicants and three from outside the organization.   The eleven (11) candidates ranged in age from 30 to 56 years of age.

The selecting official relied on the interview panel's recommendations in making his selections for the LAS positions.  He selected three candidates for the GS-09 positions, and eight others for the GS-05 positions.

The three selected for the GS-09 LAS position at issue in this case were Tana Beighley, 45 years of age at the time of her selection as a GS-09 LAS; Doreen Doerr, 44 years of age at the time of her selection as a GS-09 LAS; and Kathy McCune, 37 years of age at the time of her selection as a GS-09 LAS.  Two of the three external candidates selected for the GS-05 positions were over 40 years of age.

Plaintiff was informed by letter dated January 17, 2003, that he had not been selected for the GS-09 LAS position to which he had applied.  An opportunity to meet with the interview panel members for feedback was extended to all candidates who were not selected for

the GS-09 LAS positions.  Plaintiff did not avail himself of the opportunity to meet with the panel.

In February or March 2004, Plaintiff applied for a fourth time for a GS-09 LAS position, with a promotion potential to GS-11.  He was one of thirteen individuals selected for the position.  *(Pl's Depo. at 8.)*  Plaintiff first obtained his GS-11 status in August 2005.

### STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249).  Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

### DISCUSSION

As stated above, Plaintiff claims that he was not selected for the position of LAS because of his age and gender.   Defendant responds that it is entitled to summary judgment because (i) Plaintiff cannot make out a *prima facie* case under the ADEA and/or Title VII and (ii) assuming that Plaintiff could make out a *prima facie* case under either the ADEA or Title VII, Defendant had a legitimate nondiscriminatory business reason for not selecting Plaintiff in January 2003 for the LAS position.  The task of the Court is not to second-guess employment decisions, but is instead to determine whether the employment decisions were motivated by an illegal discriminatory purpose.  *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 525-27 (3d Cir. 1992), *cert. denied,* 510 U.S. 826 (1993).


A.        Prima Facie Cause Under the ADEA

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The protection against age discrimination in the ADEA is "limited to individuals who are at least 40 years of age." *Id.* § 631(a).

To survive a motion for summary judgment in an ADEA case, a plaintiff must first establish a *prima facie* case of age discrimination.  *Keller v. Orix Credit Alliance, Inc*., 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc).  The elements of a *prima facie* case of age discrimination are: (1) the plaintiff is over 40 years of age; (2) the plaintiff is qualified for the position in question; (3) the plaintiff suffered an adverse employment decision; and (4)

6

non-members of the protected class were treated more favorably. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995).

Plaintiff was born on June 18, 1957; therefore, he was 45 years old when he was notified that he had not been selected for the GS-09 LAS position to which he had applied. For purposes of this decision, the Court will assume that Plaintiff has met his *prima facie* case. Therefore, the burden shifts to Defendant to articulate some legitimate, nondiscriminatory reason for its decision. Defendant contends that the panel recommended the three individuals for the GS-09 position to the selecting official based on the interview panel's legitimate and reasoned assessments. The record reflects that the recommendations of the panel members were based upon a combination of factors, such work attitude, work ethic, a good working relationship with co-workers and management, customer service skills, and reliability. According to the interview panel, Plaintiff was not among the best qualified for the position.

Because Defendant has articulated a legitimate, non-discriminatory reason for not selecting Plaintiff for the GS-09 position, the onus shifts back to Plaintiff to show, by a preponderance of the evidence, that Defendant's stated explanation is pretextual. *Fuentes*, 32 F.3d at 763. In order to discredit Defendant's articulated reason, Plaintiff need not produce evidence that necessarily leads to the conclusion that his employer acted for a discriminatory reason. *See Keller v. Orix Credit Alliance, Inc*., 130 F.3d 1101, 1108-09 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination"). Plaintiff may survive summary judgment by submitting evidence from which a factfinder could reasonably either: (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more

likely than not a motivating or determinative cause of the employer's actions. *See Fuentes,* 32 F.3d at 764.  Specifically, Plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "unworthy of credence," and hence infer that the employer did not act for the asserted non-discriminatory reasons. *Fuentes,* 32 F.3d at 765.

Plaintiff contends that in 1999, despite being a GS-09, he was performing GS-11 LAS duties in the annuity processing department.  Further, Plaintiff contends that he had always received favorable performance evaluations throughout his employment and "had been awarded for his efforts as [part of the RIS 9/11 Team] in October 2002, mere months before he was passed over for promotion."  *Pl's Memo. at 10.*  Lastly, Plaintiff notes that "any contention that [his] qualifications were somehow lacking is belied by the fact that in 2004, under a different selection panel and a different selecting official, Plaintiff was selected for a GS-11 track LAS position."  *Id. at 11.*

While Plaintiff baldly alleges that Defendant's actions were pretextual, the Court finds that the record is completely devoid of any evidence of pretext.   After careful review of the record, this Court concludes that Plaintiff has presented no evidence to create a genuine issue of material fact regarding the credibility of Defendant's legitimate non-discriminatory reasons for not selecting Plaintiff for the GS-11 track LAS position nor has Plaintiff presented evidence suggesting inconsistency, contradictions, incoherencies, or implausibilities in Defendant's proffered reasons for not selecting him to the position of GS-09 LAS.

8

The Court has not found any evidence of record to support an inference of age discrimination. For all the foregoing reasons, the Court finds that Defendant is entitled to summary judgment because Plaintiff has not produced adequate evidence from which a reasonable factfinder could conclude that Defendant's legitimate business reason was pretext or that its real motivation was discriminatory animus on the basis of age.

B.      Prima Facie Case Under Title VII

As stated above, Plaintiff also claims that he was not selected for the Legal Administrative Specialist position because of his gender.  Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).   Title VII's protections were extended to federal government employees in 1972 by the passage of the Equal Employment Opportunity Act.   Similar to claims brought under the ADEA, in a Title VII lawsuit, if a plaintiff cannot produce direct evidence of discrimination, then he must utilize the familiar *McDonnell Douglas* formulation[2] regarding the appropriate burdens of proof and allocation of production of evidence.

In order to establish a *prima facie* case of disparate treatment based on sex, the plaintiff must show that he is a member of a protected class and that he was treated differently, under similar circumstances, than a similarly situated individual outside his statutorily protected class.  *See McDonald v. Santa Fe Trail Transportation*, 427 U.S. 273 (1976).  In this case,

---

[2]      *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Defendant concedes that Plaintiff has established a *prima facie* case of sex discrimination. Therefore, the burden shifts to Defendant to articulate some legitimate, non-discriminatory reason for its decision not to select Plaintiff for the LAS  position.

Defendant contends that Plaintiff was not recommended for the position because the interview panel concluded that Plaintiff was not among the best qualified for the position. Therefore, Defendant argues that it is entitled to summary judgment because Plaintiff cannot establish that the legitimate, nondiscriminatory reasons articulated by Defendant for its failure to select him for the LAS position was pretextual. The Court agrees.

The summary judgment record evidence reflects that 51 out of the 66 candidates forwarded to the interview panel as "best qualified" were female.  Further, according to Defendant, "about 78 to 80% of the workforce is female, so it naturally follows that the majority of selections made within the center will be female."  *See Def's Exh. 11.*

The interview panel that conducted Plaintiff's interview was a mixed gender panel, consisting of 2 women and 1 man.  It was the unanimous determination of the interview panel that Plaintiff was not among the best qualified for the position based on their assessment of qualities such as work attitude, work ethic, a good working relationship with co-workers and management, customer service skills, and reliability.  The summary judgment record evidence reflects that the panelists provided legitimate, non-discriminatory reasons for their unanimous decision not to include Plaintiff among the eleven (11) best-qualified candidates whose names were forwarded to the selecting official.

Overall, aside from his mere speculation and conclusory allegations, Plaintiff has not provided any competent evidence that could lead a reasonable fact finder to believe that gender

was a factor in the treatment he received from the Defendant. Because Plaintiff's opposition filing does little more than re-allege the factually unsupported allegations contained in his pleadings, Plaintiff has not established the existence of a genuine issue of material fact that would defeat Defendant's motion for summary judgment on his gender discrimination claim under Title VII.  Accordingly, Defendant's Motion for Summary Judgment will be granted.

### CONCLUSION

For the reasons hereinabove set forth, the Court finds that Plaintiff has not produced evidence that Defendant intentionally discriminated against him because of his age or gender when he was not selected for the Legal Administrative Specialist position.   Therefore, Defendant's motion for summary judgment will be granted.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CRAIG R. MAXWELL,                           )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        02: 04cv1824
                                            )
LINDA M. SPRINGER, DIRECTOR,                )
UNITED STATES OFFICE OF PERSONNEL )
MANAGEMENT,                                 )
                                            )
                    Defendant.              )

**ORDER OF COURT**

　　　　AND NOW, this 7th day of November, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

Motion to Dismiss Plaintiff's Complaint, or In the Alternative, for  Summary Judgment filed by

Defendant is **GRANTED.**

　　　　The clerk is ordered to docket this case closed.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/Terrence F. McVerry
　　　　　　　　　　　　　　　　United States District Court Judge


cc:　　　Dirk D. Beuth, Esquire
　　　　　Law Office of Neal Alan Sanders
　　　　　Email: dbeuth@penn.com

　　　　　Neal A. Sanders, Esquire
　　　　　Law Offices of Neal Sanders
　　　　　Email: lonas@earthlink.net

　　　　　Paul E. Skirtich,
　　　　　Assistant U.S. Attorney
　　　　　Email: paul.skirtich@usdoj.gov